Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Nancy J. Elliott**
Debtor(s)

Bankruptcy Case No.: 15−20536−CMB
Issued Per July 18, 2019 Proceeding
Chapter: 13
Docket No.: 117 − 114, 116
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.)* **PLAN CONFIRMATION:**

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated June 19, 2019 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☑ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $4,438 as of August 2019. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F. shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☑ H. Additional Terms: Fee application needed if any fee (including retainer) exceeds $4,000 including any fees paid to prior counsel.
The Trustee's certificate of default to dismiss [dkt. no. 113] is withdrawn.
The secured claim of PNB Bank (Claim No. 5) shall govern, and then following all allowed post−petition payment change notices filed of record.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: July 23, 2019

Carlota M. Böhm, Judge
United States Bankruptcy Court

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                  Case No. 15-20536-CMB
Nancy J. Elliott                                                        Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0315-2        User: jhel             Page 1 of 2              Date Rcvd: Jul 23, 2019
                            Form ID: 149           Total Noticed: 18

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 25, 2019.
```
db            +Nancy J. Elliott,    298 Oak Road,    Gibsonia, PA 15044-5044
cr            +Peoples Natural Gas Company, LLC,    Attn: Dawn Lindner,    375 North Shore Drive, Suite 600,
                Pittsburgh, PA 15212-5866
13998203       Chase,    Cardmember Services,    PO Box 15153,    Wilmington, DE 19886-5153
13998204      +Deer Lakes SD and Township,    c/o Keystone Collections Group,    546 Wendel Road,
                Irwin, PA 15642-7539
14021977      +Deer Lakes School District,    Keystone Collections Group,    c/o Kratzenberg & Lazzaro,
                546 Wendel Rd.,    Irwin, PA 15642-7539
13998205       ECU Credit Union/Visa,    PO Box 31279,    Tampa, FL 33631-3279
13998206       First National Bank of Omaha,    PO Box 2557,    Omaha, NE 68103-2557
14008378      +First National Bank of Omaha,    1620 Dodge Street,    Stop Code 3105,    Omaha, NE 68197-0003
13998207       Home Depot Credit Services,    PO Box 1826776,    Columbus, OH 43218-2675
13998208     ++NEXTIER BANK,    SPECIAL ASSETS,    245 PITTSBURGH RD,    BUTLER PA 16001-3883
               (address filed with court: Nextier Bank,     PO Box 250,    Evans City, PA 16033)
14068968      +PNC Bank, National Association,    Attn: Bankruptcy Department,    3232 Newmark Drive,
                Miamisburg, OH 45342-5421
13998210      +PNC Mortgage,    PO Box 8703,    Dayton, OH 45401-8703
13998209      #PayPal Credit,    PO Box 105658,    Atlanta, GA 30348-5658
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr            +E-mail/Text: bncmail@w-legal.com Jul 24 2019 03:09:03      Synchrony Bank,
                c/o Weinstein & Riley, P.S.,    2001 Western Ave., Suite #400,    Seattle, WA 98121-3132
14057893      +E-mail/Text: bncmail@w-legal.com Jul 24 2019 03:09:03      COMENITY CAPITAL BANK,
                C/O WEINSTEIN & RILEY, P.S.,    2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
14061097      +E-mail/Text: kburkley@bernsteinlaw.com Jul 24 2019 03:09:17      Duquesne Light Company,
                c/o Peter J. Ashcroft,,    Bernstein-Burkley, P.C.,,    707 Grant St., Suite 2200, Gulf Tower,,
                Pittsburgh, PA 15219-1945
14069571       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jul 24 2019 03:18:03
                Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
14952126      +E-mail/Text: bncmail@w-legal.com Jul 24 2019 03:09:03      SYNCHRONY BANK,
                c/o Weinstein & Riley, P.S.,    2001 Western Ave, Ste 400,    Seattle, WA 98121-3132
                                                                                               TOTAL: 5
```

```
              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Duquesne Light Company
cr              PNC Bank, National Association
                                                                                  TOTALS: 2, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 25, 2019                            Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 23, 2019 at the address(es) listed below:
```
              Andrew F Gornall    on behalf of Creditor    PNC Bank, National Association
               andygornall@latouflawfirm.com
              Brian C. Thompson    on behalf of Debtor Nancy J. Elliott bthompson@ThompsonAttorney.com,
               blemon@thompsonattorney.com;mgillespie@thompsonattorney.com;bthompson@ecf.courtdrive.com;jgorze@t
               hompsonattorney.com
```

```
District/off: 0315-2              User: jhel              Page 2 of 2              Date Rcvd: Jul 23, 2019
                                  Form ID: 149            Total Noticed: 18


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
              James    Warmbrodt    on behalf of Creditor    PNC Bank, National Association bkgroup@kmllawgroup.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Peter J. Ashcroft    on behalf of Creditor    Duquesne Light Company pashcroft@bernsteinlaw.com,
               ckutch@ecf.courtdrive.com;acarr@bernsteinlaw.com
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company, LLC sjw@sjwpgh.com,
               srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
                                                                                               TOTAL: 7
```

Case 15-20536-CMB    Doc 120    Filed 07/25/19    Entered 07/26/19 00:46:38    Desc
Imaged Certificate of Notice    Page 5 of 5